IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

JANICE MYERS,                                          C/A NO.:   9:15-cv-00296-DCN

Plaintiff,

-vs-

NAVIENT SOLUTIONS, INC., f/k/a
SALLIE MAE, INC.,

Defendant.
_____/

## COMPLAINT

1.     Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3.     The alleged violations described in the Complaint occurred in Beaufort County, South Carolina.

## FACTUAL ALLEGATIONS

4.     Plaintiff is a natural person, and citizen of the State of South Carolina, residing in Beaufort County, South Carolina

5.     Plaintiff is the "called party." See <u>Soppet v. Enhanced Recovery Co., LLC</u>, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

6.     Defendant is a corporation which was formed in Delaware with its principal place of business in Reston, Virginia.

7. Plaintiff was the regular user and carrier of the cellular telephone number (757) 748-7157 from 2009 through 2011, is the regular user and carrier of the cellular telephone number (757) 831-4094 from 2011 through the filing of this Complaint, and was the called party and recipient of Defendant's hereinafter described calls.

8. Plaintiff has never provided Defendant with either of her aforementioned cellular telephone numbers, nor has she ever provided verbal or express consent for Defendant to call either aforementioned cellular telephone numbers.

9. Upon information and belief, each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

10. Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

11. Each call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

12. In or about 2007, Plaintiff began receiving calls to her cellular telephone at that time (unknown to client at the time of this Complaint) from Defendant seeking to recover a debt from Plaintiff.

13. In or about 2007, immediately upon receipt of the calls from Defendant, Plaintiff answered a call from Defendant, received Defendant's pre-recorded message, followed the prompt to be connected to a live representative and informed an agent/representative of Defendant that she was unable to make payments on the loan, and demanded that the Defendant stop calling her.

2

14. During the November of 2007 phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any express consent Defendant may have mistakenly believed it had for placement of telephone calls to any of Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

15. From about 2007 through about 2009, despite Plaintiff's demands that Defendant stop calling her cellular telephone number at the time, Defendant continued its campaign of abuse, calling every day, multiple times a day in an attempt to collect a debt.

16. In or about 2009, Plaintiff acquired the aforementioned cellular telephone number (757) 748-7157, and began receiving calls from Defendant seeking to recover a debt from Plaintiff.

17. In or about 2009, immediately upon receipt of the calls from Defendant to the aforementioned cellular telephone number (757) 748-7157, Plaintiff answered a call from Defendant, received Defendant's pre-recorded message, followed the prompt to be connected to a live representative and again informed an agent/representative of Defendant that she was unable to make payments on the loan, and demanded that the Defendant stop calling her cellular telephone number (757) 748-7157.

18. From about 2007 through about 2009, despite Plaintiff's demands that Defendant stop calling her aforementioned cellular telephone number (757) 748-7157, Defendant continued its campaign of abuse, calling every day, multiple times a day in an attempt to collect a debt.

19. In or about 2011, Plaintiff acquired the aforementioned cellular telephone number (757) 831-4094, and began receiving calls from Defendant seeking to recover a debt from Plaintiff.

20. In or about 2011, immediately upon receipt of the calls from Defendant to the aforementioned cellular telephone number (757) 831-4094, Plaintiff answered a call from Defendant, received Defendant's pre-recorded message, followed the prompt to be connected to a live representative and again informed an agent/representative of Defendant that she was unable to make payments on the loan, and demanded that the Defendant stop calling her cellular telephone number (757) 831-4094.

21. From about 2011 through the filing of this Complaint (or such time as will be established after a thorough review of Defendants' records), despite Plaintiff's demands that Defendant stop calling her aforementioned cellular telephone number (757) 831-4094, Defendant continued its campaign of abuse, calling every day, multiple times a day in an attempt to collect a debt..

22. From about July of 2010 through the filing of this Complaint, Defendant has placed approximately eight-hundred (800) calls to both of Plaintiff's aforementioned cellular telephone numbers, (757) 748-7157 and (757) 831-4094. (Please see attached **Exhibit "A"** representing a non-exclusive call log at least one-hundred thirty-one (131) calls from May 31, 2013 through July 16, 2014 to Plaintiff's aforementioned cellular telephone number (757) 831-4094, only).

23. Defendant has left hundreds of pre-recorded messages at Plaintiff's aforementioned cellular telephone number, including an artificial voice, demanding that he call Defendant regarding the subject loan.

24. On numerous occasions, Plaintiff has answered Defendant's call, received Defendant's pre-recorded message, followed the prompt to be connected to a live representative, and demanded that Defendant stop calling her.

25. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite not having her express permission to call her aforementioned cellular telephone number.

26. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

27. Defendant continued to leave voice messages using a pre-recorded or artificial voice message when calling the Plaintiff, despite not having her express permission to do so.

28. Defendant's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have believed they had.

29. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals demanding that the Defendant stop calling them.

30. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

31. Defendant has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

32. Plaintiff did not expressly consent to Defendant's placement of telephone calls to either of Plaintiff's aforementioned cellular telephone numbers, (757) 748-7157 and (757) 831-4094, by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

33. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

34. Defendant violated the TCPA with respect to the Plaintiff.

5

35. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
**(Violation of the TCPA)**

36. Plaintiff incorporates Paragraphs one through thirty-five (35).

37. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

38. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

Respectfully submitted,

/s/ Jessica H. Lerer
_____
J. Preston Strom, Jr. (Fed.I.D. #4354)
John R. Alphin (Fed.I.D. #9923)
Jessica Lerer (Fed I.D. # 11403)
Strom Law Firm, LLC
2110 N Beltline Blvd
Columbia, SC 29204-3999
TEL: (803) 252-4800
FAX: (803) 252-4801
petestrom@stromlaw.com
jalphin@stromlaw.com
jlerer@stromlaw.com

*Attorneys for Plaintiff*

January 22, 2015
Columbia, South Carolina